UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 20-08623-DMG (DFM) | Date: | February 3, 2021 |
|---|---|---|---|
| Title | Michael R. Harris v. Patricia Bradley et al. | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

Proceedings:   (IN CHAMBERS) Order to Show Cause re Collateral Consequences

In 1988, Michael R. Harris ("Petitioner") was sentenced in state court to three years for bodily injury and 25-years-to-life for conspiracy to commit murder. See Dkt. 10-1, Declaration of Jan Stopps ("Stopps Decl.") ¶ 3, Ex. A. In 1989, he was transferred to federal custody to face prosecution on federal drug charges. See id. ¶ 4; see also C.D. Cal. Case No. 2:88-972. In 1990, he was convicted in federal court of various drug crimes. See Stopps Decl. ¶¶ 6-7(b), Ex. D. In November 1990, he was sentenced by the federal district court to a 235-month term, to "run consecutive to the state prison sentence the [Petitioner was] presently serving." Id. ¶ 6, Ex. D. In January 1991, he was returned to state custody to serve the remainder of his state sentence. Id. ¶ 8. On October 7, 2011, California paroled Petitioner, and on October 11, 2011, he was transferred to a federal detention center to serve his federal sentence. Id. ¶¶ 8-9, Ex. F.

On December 16, 2011, Petitioner through counsel filed a petition for writ of habeas corpus in the United States District Court for the Northern District of California. See N.D. Cal. Case No. 11-80261, Dkt 12. He argued among other things that the Bureau of Prisons had failed to credit his federal sentence with time served in state custody and that his transfer to federal custody was unlawful because his federal sentence had already run. See id. at 8-10. In September 2014, the district court denied the petition on the merits with prejudice. See Harris v. Tews, Case No. CR 11-80261-WHA, 2014 WL 4379693, at *1-*5 (N.D. Cal. Sept. 4, 2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

On September 16, 2020, Petitioner filed the instant petition pro se. See Dkt. 1. He raises the same arguments he raised in 2011 in the Northern District of California. See id. at 3-4. The gist is that, because he was "presently serving" his three-year state sentence for bodily injury when the federal court sentenced him, his federal sentence must have started running when that three-year sentence expired in 1991—i.e., the federal sentence ran concurrently with his state sentence for conspiracy to commit murder. See id.

Respondent filed an answer in December 2020, arguing that Petitioner's claims were barred and failed on the merits regardless. See Dkt. 10. It appears that Petitioner received a pardon from the President in early 2021. See https://www.forbes.com/sites/jacquelinebryant/2021/01/19/trump-pardons-several-incarcerated-on-drug-offenses/?sh=6ae08b6f30bd (last accessed January 28, 2021).

Petitioner's potential release from custody does not necessarily deprive this Court of jurisdiction over his Petition. See Spencer v. Kemna, 523 U.S. 1, 7 (1998) ("Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained.").

**IT THEREFORE IS ORDERED** that within twenty-eight (28) days of the date of this Order, Petitioner do one of the following:

(1) show cause in writing why this action should not be dismissed by explaining what "collateral consequences" of his conviction Petitioner continues to suffer; or

(2) request that the Petition be dismissed without prejudice under Federal Rule of Civil Procedure 41(a)(1).

**Petitioner is expressly warned that his failure to timely comply with this Order may result in the Petition being dismissed for failure to prosecute.**