# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL R. HARRIS,<br><br>Petitioner,<br><br>v.<br><br>PATRICIA BRADLEY, et al.,<br><br>Respondents. | Case No. CV 20-08623-DMG (DFM)<br><br>ORDER DISMISSING PETITION |

For the reasons explained below, the Court dismisses this action for lack of jurisdiction and failure to prosecute.

In 1988, Michael R. Harris ("Petitioner") was sentenced in state court to three years for bodily injury and 25-years-to-life for conspiracy to commit murder. See Dkt. 10-1, Declaration of Jan Stopps ("Stopps Decl.") ¶ 3, Ex. A. In 1989, he was transferred to federal custody to face prosecution on federal drug charges. See id. ¶ 4; see also C.D. Cal. Case No. 2:88-972. In 1990, he was convicted in federal court of various drug crimes. See Stopps Decl. ¶¶ 6-7(b), Ex. D. In November 1990, he was sentenced by this Court to a term of imprisonment of 235 months, to "run consecutive to the state prison sentence the [Petitioner was] presently serving." Id. ¶ 6, Ex. D. In January 1991, he was returned to state custody to serve the remainder of his state sentence. Id. ¶ 8. On October 7, 2011, California paroled Petitioner, and on October 11,

2011, he was transferred to a federal detention center to serve his federal sentence. Id. ¶¶ 8-9, Ex. F.

On December 16, 2011, Petitioner through counsel filed a petition for writ of habeas corpus in the United States District Court for the Northern District of California. See N.D. Cal. Case No. 11-80261, Dkt 12. He argued among other things that the Bureau of Prisons had failed to credit his federal sentence with time served in state custody and that his transfer to federal custody was unlawful because his federal sentence had already run. See id. at 8-10. In September 2014, the district court denied the petition on the merits with prejudice. See Harris v. Tews, Case No. CR 11-80261-WHA, 2014 WL 4379693, at *1-*5 (N.D. Cal. Sept. 4, 2014).

On September 16, 2020, Petitioner filed the instant petition in this Court. See Dkt. 1 ("Petition"). The Petition raises the same arguments presented in 2011 in the Northern District of California. See id. at 3-4. The gist is that, because he was "presently serving" his three-year state sentence for bodily injury when the federal court sentenced him, his federal sentence must have started running when that three-year sentence expired in 1991—i.e., the federal sentence ran concurrently with his state sentence for conspiracy to commit murder. See id. Respondent filed an answer in December 2020, arguing that Petitioner's claims were barred and failed on the merits regardless. See Dkt. 10.

President Trump pardoned Petitioner during the final days of his term. See https://www.forbes.com/sites/jacquelinebryant/2021/01/19/trump-pardons-several-incarcerated-on-drug-offenses/?sh=6ae08b6f30bd (last accessed March 12, 2021). According to the Bureau of Prisons database, he was released from custody on January 20, 2021, and mail sent to him by the Court at the federal correctional institution listed as his address of record has been returned. See Dkt. 12.

Petitioner's release from custody did not necessarily deprive this Court of jurisdiction over his Petition. See Spencer v. Kemna, 523 U.S. 1, 7 (1998) ("Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained."). The Court therefore issued an order to show cause, ordering Petitioner to show cause in writing why the action should not be dismissed by explaining what "collateral consequences" of his conviction he continued to face. See Dkt. 11. The Court warned Petitioner that his failure to timely respond could result in the Petition being dismissed for failure to prosecute. The deadline for a response to the order to show cause has passed without any filing from Petitioner.

Petitioner has failed to identify any collateral consequences from his conviction, and the Court therefore concludes that it lacks jurisdiction. See Spencer, 523 U.S. at 7 (holding that for habeas petition to continue to present live controversy after petitioner's release, there must be some remaining collateral consequences that may be redressed by success on petition). Additionally, Petitioner failed to respond to the Court's order to show cause. Petitioner's failure to prosecute his case is a second, independent reason for dismissal. See Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962); Fed. R. Civ. P. 41(b); Carey v. King, 856 F.2d 1439 (9th Cir. 1988) (setting out factors relevant to deciding whether to dismiss action for failure to prosecute, which weigh against Petitioner).

The Petition is therefore DISMISSED without prejudice. A certificate of appealability will not issue. The Court finds that jurists of reason would agree that the Court lacks jurisdiction over the Petition. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

DATED: June 14, 2021

/s/ Dolly M. Gee
DOLLY M. GEE
United States District Judge

Presented by:

/s/
DOUGLAS F. McCORMICK
United States Magistrate Judge

4